MATTER OF PLANE "F-BHSQ"

In FINE Proceedings

NYC-10/52.232

*Decided by Board March 1, 1962*

**Fine—Section 273(a)—Waiver of documents or parole not a defense to liability.**

The grant of a waiver of documents or parole to an applicant for temporary admission subsequent to arrival is no defense to liability of the carrier under section 273(a) for bringing to the United States an alien who lacks a visa, if a visa is required by law or regulation.

BASIS FOR FINE: Act of 1952—Section 273(a) [8 U.S.C. 1323].

### BEFORE THE BOARD

**DISCUSSION:** This appeal is directed to an administrative penalty of $1,000 which the District Director at New York has ordered imposed on Compagnie Nationale Air France, as owners, agents, charterers or consignees of Aircraft F-BHSQ, Flight 011, which arrived at the port of New York from Paris, France, on July 3, 1961. The specific violation charged is that said carrier brought to the United States from a place outside thereof alien passenger H—B— who required but lacked an unexpired visa or other document in lieu thereof valid for admission into the United States. The request for remission of the fine will be denied and the appeal dismissed.

It appears from the record before us that the following material facts exist without substantial controversy. The person here involved is a male alien, a native and national of Germany, whom the carrier embarked at Paris, France, as a passenger for the trip to the United States. Upon arrival in this country, *supra*, he was presented to the examining immigration officer as an alien coming to the United States for a temporary visit. He had a valid German passport but did not have an unexpired visa or other document in lieu thereof valid for his admission into the United States. The examining immigration officer determined that he could not be admitted to the United States because he did not have an unexpired visa, such visa being required under the provisions of the immigration laws and the regulations promulgated pursuant thereto. How-

595

ever, the alien passenger was paroled for a period until July 25, 1961, and apparently departed from the United States in accordance with the terms thereof.

This statute calls for the imposition of a penalty of $1000 as to each alien passenger which a carrier brings to the United States from a place outside thereof who requires but lacks an unexpired visa or valid lieu document. The foregoing facts of record establish that we are here confronted with precisely such a situation. Therefore, liability to fine has been incurred.

It is no defense to imposition of the penalty that the passenger was, by virtue of his parole, permitted to accomplish the purpose of his coming to the United States. The reason is that his parole did not constitute his "admission" into the United States. In the eyes of the law, after the parole he stood at the threshold of this country still seeking admission (*Leng May Ma* v. *Barber*, 357 U.S. 185). Thus, the action of the Service in paroling the alien passenger into the United States had no bearing whatsoever upon the question of the carrier's liability to fine for bringing him to the United States from foreign without proper documents.

We reject the carrier's claim that it is entitled to remission of this penalty on the ground that it exercised due diligence in accepting this passenger for transportation in the belief that he would be the beneficiary of a visa waiver under 8 CFR 212.1(f) because his case involved an unforeseen emergency. In this connection, the carrier asserts that the alien passenger had been designated to come to the United States at the last minute as a substitute for an engineer of his company scheduled to come to New York on urgent business. It claims that its representative abroad who embarked the passenger ascertained these facts prior to permitting the passenger to board the aircraft for the trip to the United States.[1]

Under this statute, the carrier had the duty of ascertaining, prior to his embarkation, that the alien passenger was in possession of documents valid for admission into the United States. It does not contemplate that this or any other carrier will embark aliens for the United States when they lack visas, with the hope that liability can be avoided by the granting of a waiver or parole to the individual alien subsequent to his arrival in this country. This section of the law was clearly enacted to prevent speculation such as this on the part of the carrier's bringing aliens to the United States.

**ORDER:** It is ordered that the request for remission of the fine be denied and that the appeal be and the same is hereby dismissed.

---

[1] The Service report on this aspect of the case, dated July 11, 1961, reflects that the passenger advised the examining immigration officer that he was never examined by any Air France personnel at any time and that he was allowed to board the above-mentioned flight without any difficulty.